### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| **TEA L. THOMPSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 1:23-CV-01171** |
| | ) | |
| **AWS INC. D/B/A ARROW** | ) | **Hon. Michael M. Mihm** |
| **WORKFORCE SOLUTIONS, INC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### DEFENDANT'S MOTION TO SET ASIDE DEFAULT JUDGMENT

Defendant Arrow Workforce Solutions, Inc. ("Defendant" or "AWS") moves to set aside the default judgment entered against it on September 12, 2023, and strike the Evidentiary Hearing currently set for October 18, 2023. In support, AWS states as follows:

1.      This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C.A. § 12101 *et seq*. ("ADA"), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

2.      Plaintiff filed her Complaint on April 27, 2023, and the executed Summons on May 15, 2023.

3.      This Court has since granted Plaintiff's Entry of Default Judgment, and initially scheduled an Evidentiary Hearing on the issue of damages for September 21, 2023. [Dkt. 11.]

4.      Defendant recently learned about this lawsuit, and retained the undersigned counsel's law firm on September 20, 2023 to appear in this matter. The undersigned counsel filed a Motion for Continuance of Evidentiary Hearing, and the evidentiary hearing was reset for October 18, 2023. [Dkt. 14.]

5.      Through a diligent investigation, Defendant's Vice President, Gabriel Fanous, has learned that AWS never received a physical copy of the Complaint and Summons. *See* Declaration of Denis Lane, ¶ 6, attached as **Exhibit A**. Furthermore, AWS's Registered Agent in the State of Florida ("Agent") upon whom this lawsuit was served, forwarded the Complaint and the Summons to an unmonitored AWS e-mail address. *Id*. As such, the e-mail did not place anyone at AWS on notice regarding this lawsuit.

6.      Entry of default may be set aside upon "good cause shown." Fed.R.Civ.P. 55(c). "In order to vacate an entry of default the moving party must show: (1) good cause for default; (2) quick action to correct it; and (3) meritorious defense to plaintiff's complaint." *E. Cent. Illinois Pipe Trades Health & Welfare Fund v. Watkins*, No. 05-1223, 2007 WL 9735915, at *3 (C.D. Ill. Apr. 24, 2007).

7.      Here, AWS is able to satisfy all three of the above-referenced elements. First, Defendant has shown that there is good cause and it acted quickly to correct it. The reason for AWS's failure to answer the Complaint was due to the fact that it never received notice of the lawsuit. As soon as Dennis Lane, AWS's Vice President of US Operations, learned that the e-mail he received from the District Courthouse pertained to a lawsuit, AWS began investigating and retained counsel, who in turn filed an appearance and a Motion for Continuance of Evidentiary Hearing. *See* **Exhibit A**, ¶ 5-6.

8.      Defendant has been able to determine that it has a meritorious defense to Plaintiff's claim, thereby satisfying the third element referenced in the applicable standard for setting aside the default judgment. While the investigation is ongoing, Defendant has several strong defenses to the Complaint. First, Plaintiff does not allege—and is unlikely to be able to show—that Defendant (an employment agency that placed Plaintiff at MacLellan Integrated Services ("MacLellan"))—

controlled her working conditions. *See* **Exhibit A**, ¶ 7. Where a plaintiff fails to allege facts to show enough control over plaintiff's employment on the part of a temporary employment agency, the agency is not deemed a "joint employer," and claims against it should be dismissed. *See, e.g., Shah v. Littelfuse Inc.*, No. 12 CV 6845, 2013 WL 1828926, at *3 (N.D. Ill. Apr. 29, 2013) (dismissing claim against temporary agency due to Plaintiff's failure to allege that agency controlled his work conditions, and his conclusory allegation that agency was a joint employer under Title VII could not withstand a Rule 12(b)(6) Motion). Furthermore, Plaintiff's discrimination and retaliation claims lack merit. AWS's preliminary investigation has revealed that Plaintiff was not a "qualified individual" with a disability under the ADA, and was not harassed or terminated due to any discrimination, as she alleges; rather, she was terminated for recurring performance and attendance issues. *See* **Exhibit A**, at ¶ 7.

9.      Finally, Plaintiff filed a complaint against MacLellan with virtually identical allegations as those leveled against AWS in the instant lawsuit. *See* Complaint from *Tea L. Thompson v. MacLellan Integrated Services, Inc.*, United States District Court, Central District of Illinois Case No.: 22-cv-01374, attached as **Exhibit B**. Plaintiff makes no mention of AWS in that lawsuit. AWS has learned that Plaintiff voluntarily dismissed that lawsuit against MacLellan in December, 2021, after settling her claims against MacLellan. AWS believes it either should have been joined in that lawsuit under Fed. R. Civ. Pro. 19, or it is entitled to a setoff against damages it may owe Plaintiff even if AWS's joinder in the aforementioned case was not mandatory and Plaintiff can prove liability against AWS (which, as explained, Plaintiff is unlikely to be able to do) in the amount received from MacLellan as a part of her settlement.

WHEREFORE, Defendant respectfully requests that the Default Judgment entered against it be set aside, the Evidentiary Hearing set for October 18, 2023 be stricken, and a deadline be set for Defendant to file an Answer or otherwise plead to the Complaint.

*Respectfully submitted,*

ARROW WORKFORCE SOLUTIONS, INC.

By:  */s/ Sam Sedaei*
                   One of Its Attorneys

Sam Sedaei
Jennifer H. Kay
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
155 N. Wacker Drive, Suite 4300
Chicago, IL  60606
(312) 558-3024
sam.sedaei@ogletreedeakins.com
jennifer.kay@ogletreedeakins.com

Dated: October 16, 2023

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on this 16th day of October, 2023, the foregoing **DEFENDANT'S MOTION TO SET ASIDE DEFAULT JUDGMENT** was filed electronically with the Clerk of Court using the ECF system, which sent notification of such filing to the following:

> Nathan Charles Volheim
> Chad William Eisenback
> Alexander James Taylor
> SULAIMAN LAW GROUP LTD
> Suite 200
> 2500 South Highland Avenue
> Lombard, IL 60148
> 630-575-8181
> nvolheim@sulaimanlaw.com
> ceisenback@sulaimanlaw.com
> ataylor@sulaimanlaw.com
>
> *Attorneys for Plaintiff*

*/s/ Sam Sedaei*