# EXHIBIT B

## TO

## Defendant's Motion to Set Aside Default Judgment

**RE:** Tea L. Thompson v. AWS Inc. d/b/a Arrow Workforce Solutions, Inc.
Case No. 1:23-cv-01171

E-FILED
Thursday, 27 October, 2022 11:20:56 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | |
|---|---|
| Tea L. Thompson, | ) |
| | ) |
| Plaintiff, | ) Case: 1:22-cv-01374 |
| | ) |
| v. | ) |
| | ) |
| MacLellan Integrated Services, Inc. d/b/a Rivian, | ) |
| | ) |
| | ) **Jury Trial Demanded** |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Tea L. Thompson ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against MacLellan Integrated Services, Inc. d/b/a Rivian ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1.  This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") seeking redress for Defendant's hostile work environment under the ADA, and the Pregnancy Discrimination Act of 1978, which amended Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, based on Defendant also terminating Plaintiff's employment because of their disability, pregnancy and in retaliation for them attempting to assert their rights under the ADA and Title VII when Plaintiff reported harassment and discrimination on the basis of their disability and pregnancy.

## JURISDICTION AND VENUE

2.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. § 12101 *et seq*.

3.  Venue of this action properly lies in the Central District of Illinois, Peoria

Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

4. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

5. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## ADMINISTRATIVE PREREQUISITES

6. All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*, have occurred or been complied with.

7. A charge of employment discrimination on basis of disability and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

8. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of their receipt of the EEOC's Notice of Right to Sue.

## PARTIES

9. At all times material to the allegations of this Complaint, Plaintiff, Tea L. Thompson, resides in McLean County in the State of Illinois.

10. At all times material to the allegations in this Complaint, Defendant, MacLellan Integrated Services, Inc. d/b/a Rivian, is a corporation doing business in and for McLean County whose address is 100 Rivian Motor Way, Normal, Illinois 61761.

11. Plaintiff was employed by Defendant as an "employee" within the meaning of ADA, 42 U.S.C. § 12111(4).

2

12. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADA, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A).

## BACKGROUND FACTS

13. Plaintiff, Tea L. Thompson, was hired at MacLellan Integrated Services, Inc. d/b/a Rivian as a General Cleaner on December 13, 2021.

14. Plaintiff is a "qualified individual" as defined under the ADA.

15. From the beginning to the end of Plaintiff's employment, Plaintiff was subjected to disparate treatment, discriminatory conduct, and retaliatory conduct based upon her disability and sex.

16. Ultimately, Plaintiff was unlawfully terminated on February 7, 2022.

17. Defendant subjected the Plaintiff to different terms and conditions of employment than others not within Plaintiff's protective class because of their disability.

18. The Plaintiff was subjected to discrimination based on her disability (postpartum depression), which is a medical condition related to pregnancy and childbirth.

19. Accordingly, the Plaintiff was also subjected to discrimination based on sex and pregnancy.

20. The Plaintiff gave birth shortly before she began her employment with the Defendant.

21. The Plaintiff became aware that she was suffering from postpartum depression and reached out to her employer on or about January 12, 2022 to notify them of the diagnosis and request accommodations.

22.     The Plaintiff notified her supervisor, Jacob, on January 13, 2022 of the diagnosis and requested to speak with someone to discuss her need for accommodations.

23.     After trying to speak with someone about her need for accommodations for a few weeks, the Plaintiff finally secured a meeting with the manager, Tony, and supervisor, Jacob, on February 7, 2022.

24.     At the beginning of the meeting, the Plaintiff attempted to request reasonable accommodations due to her disability.

25.     However, as soon as she started explaining her disability and asking for an accommodation, they immediately interrupted the Plaintiff and told her to go home.

26.     Two hours later the Plaintiff received a phone call saying that she was terminated for the pre-textual reason of performance issues.

27.     Conversely, the Plaintiff was praised for her performance a week prior.

28.     Plaintiff was terminated in retaliation for requesting a reasonable accommodation.

29.     Regardless of the Plaintiff's disability, she is qualified to perform the essential functions of the job, with or without reasonable accommodation.

30.     The Defendant effectively denied the request for reasonable accommodation and therefore did not engage with the Plaintiff in an interactive process to determine the appropriate accommodation under the circumstances.

31.     The Plaintiff has been discriminated against because of her disability, which is a medical condition related to pregnancy and childbirth, and terminated in retaliation for engaging in protected activity, in violation of the Americans with Disabilities Act, as

amended.

32. Defendant terminated the Plaintiff for her disability and request for accommodation and reporting unlawful discrimination.

33. The Defendants action was effectively a termination for having a disability and reporting unlawful discrimination.

34. Regardless of the Plaintiff's disability, the Plaintiff is qualified to perform the essential functions of the job, with or without reasonable accommodation, but defendant employer did not engage in an interactive process to determine the appropriate accommodation under the circumstances.

35. The purported justification for termination was unlawful discrimination based on disability or because Defendant perceived Plaintiff as disabled.

**COUNT I**
**Disability-Based Harassment in Violation of**
**Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101** *et seq.*

36. Plaintiff repeats and re-alleges paragraphs 1-35 as if fully stated herein.

37. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of their disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq*.

38. Defendant knew or should have known of the harassment.

39. The disability harassment was severe or pervasive.

40. The disability harassment was offensive subjectively and objectively.

41. Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*, due to her disability.

42. Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As

5

a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT II
**Disability Discrimination in Violation of the Americans with Disabilities Act ("ADA")**

43. Plaintiff repeats and re-alleges paragraphs 1-35 as if fully stated herein.

44. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on her disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

45. Defendant terminated Plaintiff's employment on the basis of their disability.

46. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

47. Plaintiff is a member of a protected class under the ADA, due to her disability.

48. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

49. Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits, mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT III
**Retaliation in Violation of 42 U.S.C. § 12101, *et seq*.**

50. Plaintiff repeats and re-alleges paragraphs 1-35 as if fully stated herein.

51. Plaintiff is a member of a protected class under 42 U.S.C. § 12101, *et seq*.

6

52. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted unlawful discrimination which created a sufficiently severe or pervasive work condition in violation of Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

53. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of discrimination.

54. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

55. By virtue of the foregoing, Defendant retaliated against Plaintiff based on their reporting the disability-based discrimination, thereby violating Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

56. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

57. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

**COUNT IV**
**Pregnancy-Based Discrimination in Violation of the**
**Pregnancy Discrimination Act of 1978, which amended Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.***

58. Plaintiff repeats and re-alleges paragraphs 1-35 as if fully stated herein.

59. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of her pregnancy, in violation of the

Pregnancy Discrimination Act of 1978, which amended Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, which prohibits discrimination on the basis of pregnancy, childbirth, or related medical conditions.

60. Defendant knew or should have known of the harassment.

61. The pregnancy harassment was severe or pervasive.

62. The pregnancy harassment was offensive subjectively and objectively.

63. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to her sex, female.

64. Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT V
**Retaliation in Violation of 42 U.S.C. § 2000e, *et seq.***

65. Plaintiff repeats and re-alleges paragraphs 1-35 as if fully stated herein.

66. Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, *et seq.*

67. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted unlawful pregnancy discrimination which created a sufficiently severe or pervasive work condition in violation of the Pregnancy Discrimination Act of 1978, which amended Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, which prohibits discrimination on the basis of pregnancy, childbirth, or related medical conditions. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

8

68. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of sex discrimination.

69. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

70. By virtue of the foregoing, Defendant retaliated against Plaintiff based on her reporting the pregnancy-based discrimination, thereby violating the Pregnancy Discrimination Act of 1978, which amended Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, which prohibits discrimination on the basis of pregnancy, childbirth, or related medical conditions.

71. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

72. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

    a. Back pay with interest;

    b. Payment of interest on all back pay recoverable;

    c. Front pay;

    d. Loss of benefits;

    e. Compensatory and punitive damages;

    f. Reasonable attorneys' fees and costs;

    g. Award pre-judgment interest if applicable; and

      h.      Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 27th day of October, 2022.      Respectfully submitted,

/s/ *Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
SULAIMAN LAW GROUP LTD.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
E-mail: nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*

/s/ *Chad W. Eisenback*
**CHAD W. EISENBACK, ESQ.**
IL Bar No.: 6340657
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 307 - 7632
Fax (630) 575 - 8188
ceisenback@sulaimanlaw.com
*Attorney for Plaintiff*